BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 29 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE AIR CRASH DISASTER NEAR UPPERVILLE, ) DOCKET NO. 199
VIRGINIA, ON DECEMBER 1, 1974 )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

A Boeing 727 aircraft, being operated as Trans World Airlines Flight 514, crashed into a mountainside on December 1, 1974, as it was descending for its approach to Dulles International Airport near Washington, D.C. All 92 persons aboard the plane died as a result of the crash. At the present time, nineteen actions arising from this disaster are pending in four different districts: fifteen in the Eastern District of Virginia, two in the Northern District of California, one in the Northern District of Illinois and one in the Southern District of New York.[1]

Plaintiffs in one of the Virginia actions move the Panel for an order transferring all actions to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings,

---

\* Although Judge Wisdom was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

[1] Several actions had originally been instituted in the Southern District of Indiana, the residence of many of the deceased passengers. Those actions, however, have been voluntarily dismissed by the respective plaintiffs and reinstituted in the Eastern District of Virginia.

while the plaintiff in one of the California actions moves for transfer of all actions to the Central or Northern District of California. All responding parties agree on the desirability of transfer under Section 1407 and favor the Eastern District of Virginia as the transferee forum. These actions clearly involve common questions of fact and we find that their transfer to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 will best serve the convenience of parties and witnesses and promote the just and efficient conduct of the litigation.

As is often the case in multidistrict air disaster litigation, the only issue in dispute among the parties is the location of the appropriate transferee forum. See, e.g., In re Air Crash Disaster at Florida Everglades on December 29, 1972, 360 F. Supp. 1394 (J.P.M.L. 1973). Proponent of a California forum suggests that transfer there is preferable because both TWA and Boeing have major facilities in that state. These facts standing alone, however, do not provide the necessary predicate for transfer of all actions to California. Instead, the crucial indicia regarding the most suitable transferee court for this litigation point to the Eastern District of Virginia.

The Panel has generally assigned air disaster litigation to the district in which the crash occurred. See, e.g., In re Delta Airlines Crash at Boston, Massachusetts, on July 31, 1973, 373 F. Supp. 1406 (J.P.M.L. 1974); In re Air Crash Disaster at Florida Everglades on December 29, 1972, supra; In re Air Crash Disaster at Huntington, West Virginia, on November 14, 1970,

- 3 -

342 F. Supp. 1400 (J.P.M.L. 1972). This policy is grounded on the belief that discovery proceedings on the common issue of liability can ordinarily be most effectively and expeditiously supervised in that district. In the instant litigation, we adhere to this principle and point out that the following likely subjects of discovery are located in the Eastern District of Virginia: the air traffic controllers who were responsible for the flight, the ground witnesses to the crash and significant documentary evidence, such as the tape recordings of the conversations between the controllers and the flight crew. In addition, the overwhelming majority of the actions are already pending there.

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Eastern District of Virginia be, and the same hereby are, transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honorable Albert V. Bryan, Jr. for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

SCHEDULE A                                             DOCKET NO. 199

### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| American National Bank & Trust Co. v. Trans World Airlines, Inc. | Civil Action No. 75-0065 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Essie R. English, Adm. v. The Boeing Co., et al. | Civil Action No. 74 Civ. 5601 |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James E. Brown, Jr. v. Trans World Airlines, Inc., et al. | Civil Action No. C75-0166-RFP |
| John A. Buchanan, et al. v. Trans World Airlines, Inc. | Civil Action No. C74-2578 |

### EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Carl E. Zwisler, III and Union State Bank, etc. v. Trans World Airlines, Inc. | Civil Action No. 804-74-A |
| Bank of Clarke County, Va. Adm. of the Estate of David Frank Holdhusen v. Trans World Airlines, Inc., et al. | Civil Action No. 86-75A |
| Bank of Clarke County, V. Adm. Estate of Susan Applewhite v. Trans World Airlines, Inc., et al. | Civil Action No. 87-75A |
| Bank of Clarke County, Va. Adm. Estate of William Dale Vaughn v. Trans World Airlines, Inc., et al. | Civil Action No. 90-75A |
| Bank of Clarke County, Va. Adm. of the Estate of Ella Fort v. Trans World Airlines, et al. | Civil Action No. 91-75A |
| Bank of Clarke County, Va. Adm. Estate of Michael Stokes v. Trans World Airlines, Inc. | Civil Action No. 92-75A |
| Bank of Clarke County, Va. Adm. Estate of James R. Applewhite v. Trans World Airlines, Inc., et al. | Civil Action No. 93-75A |
| Bank of Clarke County, Va. Adm. Estate of Mathew Hartley v. Trans World Airlines, Inc., et al. | Civil Action No. 96-75A |

- 2 -

| | |
|---|---|
| Bank of Clarke County, Va. Adm. Estate of Benjamin Applewhite v. Trans World Airlines, et al. | Civil Action No. 97-75A |
| Lee M. Dismore, Adm. Estate Scott Michael Dismore v. Trans World Airlines, Inc., et al. | Civil Action No. 88-75A |
| William E. Dismore, Adm. Estate Wendy Kathleen Dismore v. Trans World Airlines, Inc., et al. | Civil Action No. 95-75A |
| William E. Dismore, Sr., Exec. Estate of William E. Dismore, Jr. and Lee M. Dismore, Adm. v. Trans World Airlines, Inc., et al. | Civil Action No. 89-75A |
| National Bank of Fairfax, Va. Adm. Estate of Janice Dismore v. Trans World Airlines, et al. | Civil Action No. 94-75A |
| Harold L. Cramer, etc. v. Trans World Airlines, Inc. | Civil Action No. 83-75A |
| Jack J. Basil, Jr., etc. v. Trans World Airlines, et al. | Civil Action No. 56-75A |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER NEAR UPPERVILLE, ) DOCKET NO. 199
VIRGINIA ON DECEMBER 1, 1974 )
)
James I. Van Fossen, et al. v. United States )
of America, N.D. California, Civil Action )
No. C76-1483-CBR )
)
Marlene J. Brock, et al. v. United States )
of America, C.D. California, Civil Action )
No. CV76-2488-RMT )
)
Donna M. Kresheck, etc. v. United States )
of America, C.D. California, Civil Action )
No. CV76-2489-IH )
)
Ellen Harlan, Adm. v. Trans World Airlines, )
et al., S.D. Indiana, Civil Action No. )
IP 76-525-C )
)
Jamie Deichmann Hasenkampf, etc. v. Trans )
World Airlines, Inc., et al., E.D. Louisiana, )
Civil Action No. 75-3665 )

OPINION AND ORDER
_____

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,
STANLEY A. WEIGEL,* AND ANDREW A. CAFFREY, JUDGES OF THE
PANEL.
_____

PER CURIAM

The Panel previously transferred several actions in this litigation to the Eastern District of Virginia and, with the consent of that court, assigned them to the Honorable Albert V. Bryan, Jr. for coordinated or consolidated pretrial

---

*/Judge Weigel was unable to attend the Panel hearing on Hasenkampf and, therefore, took no part in the consideration or decision of that matter.

proceedings pursuant to 28 U.S.C. §1407.  See In re Air Crash Disaster Near Upperville, Virginia on December 1, 1974, 393 F. Supp. 1089 (J.P.M.L. 1975).  These actions arose from an air crash disaster that occurred when a Boeing 727 aircraft, being operated by Trans World Airlines (TWA), crashed as it was approaching Dulles International Airport near Washington, D. C.  All 87 passengers and seven crew members died as a result of the crash.

In the transferee district, defendant TWA adopted a policy of not contesting liability for compensatory damages in the actions brought because of passenger deaths, after Judge Bryan had ruled that the Virginia Wrongful Death Act applied to these actions and that punitive damages are not recoverable under this statute.  Also, TWA and the United States agreed that the United States would pay a certain percentage of any verdict or settlement in the passenger actions in the transferee district.  All these passenger actions have now been settled or tried, and only certain third-party complaints against the United States are still pending before Judge Bryan.  The only action in the transferee district arising from a crew member's death has also been settled.  On September 13, 1976, Judge Bryan issued an order containing the following findings:

and <u>Hasenkampf</u>, but has taken no position regarding transfer of <u>Brock</u> and <u>Kresheck</u>. The United States favors transfer in <u>Brock</u> and <u>Kresheck</u> and has expressed no position concerning transfer of <u>Hasenkampf</u> and <u>Harlan</u>.

Although we recognize that these actions may share some questions of fact with the previously transferred actions, we find that their transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly we vacate the conditional transfer order and the orders to show cause.

All plaintiffs argue that transfer of these actions is inappropriate because the considerable pretrial proceedings concerning the issue of liability have been concluded in the transferee district. Plaintiffs in <u>Harlan</u>, <u>Brock</u> and <u>Kresheck</u> state that their counsel have been actively involved in the Section 1407 pretrial proceedings and that they have access to all discovery obtained in the transferee district. Plaintiff in <u>Hasenkampf</u> also states that she intends to utilize much of the discovery previously obtained in the actions in the transferee district.

Defendants favor transfer of these actions to the Eastern District of Virginia because the actions arise out of the same occurrence as that in the litigation before

- 5 -

Judge Bryan. Judge Bryan's familiarity with the subject matter would thus be invaluable, defendants argue. TWA, a defendant in only Hasenkampf and Harlan, argues that it has agreed not to contest the issue of liability in the transferee forum because of considerations of judicial economy and convenience of the parties. If all the actions arising out of this air disaster could be tried in Virginia by one set of counsel before one judge who was familiar with the common questions of fact and law, this defendant contends, both the judiciary and the parties will benefit. If the Panel decides not to transfer Harlan and Hasenkampf to the Eastern District of Virginia, however, TWA states, TWA will contest liability and full discovery will have to be taken on that issue.

We recognize that these four actions and the other actions in this litigation may involve some common questions of fact. On the basis of the record before us, however, it is clear that all pretrial proceedings concerning the common issue of liability have been concluded in the transferee district. Indeed, all actions before Judge Bryan already have either been tried or settled, and only certain third-party complaints against the United States are still pending in the Eastern District of Virginia. It also appears that all parties in the actions now before the Panel already have

access to all discovery obtained in the transferee district.[2/] Moreover, if the Panel were to transfer Harlan and Hasenkampf to the Eastern District of Virginia, there apparently would be no further discovery on the liability issue because TWA has adopted a policy of not contesting liability in the passenger actions in that district. Thus, the only issue remaining in the Harlan and Hasenkampf would be one of damages, which is unique to each action. See In re Air Crash Disaster at Pago Pago, American Somoa, on January 30, 1974, 394 F. Supp. 799 (J.P.M.L. 1975). Transfer of Brock and Kresheck to the Eastern District of Virginia is likewise inappropriate. We note that only one other crew member action has been filed in or transferred to the Eastern District of Virginia, and that that action has been settled.[3/] And although the two crew member actions now before the Panel themselves might involve some minimal common questions of fact, these two actions are already pending in the same district. In any event, counsel for the United States admitted during the hearing on this matter that what little discovery remains in each of these actions will be largely unique to each action. Transcript at 9-12. In light of these circumstances, none of the criteria for Section 1407 transfer set forth in the Panel's earlier decision in this litigation still applies.

---

2/ Of course, the judge to whom each of these actions is assigned can take appropriate steps to ensure that all the heretofore completed discovery in the transferee district is made available to all parties. See In re Seeburg-Commonwealth United Merger Litigation, 415 F. Supp. 393, 396 (J.P.M.L. 1976).
3/ Three other crew member actions that were recently filed in districts other than the Eastern District of Virginia have also been settled.

IT IS THEREFORE ORDERED that the order to show cause regarding the action entitled <u>James I. Van Fossen, et al. v. United States of America</u>, N.D. California, Civil Action No. C76-1483-CBR be, and the same hereby is, vacated as moot.

IT IS FURTHER ORDERED that the conditional transfer order regarding the action entitled <u>James Deichmann Hasenkampf, etc. v. Trans World Airlines, Inc., et al.</u>, E.D. Louisiana, Civil Action No. 75-3665 be, and the same hereby is, vacated.

IT IS FURTHER ORDERED that the orders to show cause regarding the actions entitled <u>Ellen Harlan, Adm. v. Trans World Airlines, Inc., et al.</u>, E.D. Louisiana, Civil Action No. 75-3665; <u>Marlene J. Brock, et al. v. United States of America</u>, C.D. California, Civil Action No. CV76-2488-RMT; <u>Donna M. Kresheck, etc. v. United States of America</u>, C.D. California, Civil Action No. CV76-2489-IH be, and the same hereby are, vacated.

It appearing to this Court that the <u>Plaintiffs' Discovery Committee has diligently and competently completed its assigned task and purpose of conducting discovery and preparing this litigation for a trial on liability</u>, which was made unnecessary by the settlement and agreement on this issue between Trans World Airlines and the United States, and it is now appropriate to provide for the award of fees to the Plaintiffs' Discovery Committee and Liaison Counsel and to reimburse them for costs and charges incurred.... <u>In re Air Crash Disaster Near Upperville, Virginia on December 1, 1974</u>, MDL Docket No. 199 (E.D. Va., filed September 13, 1976) (emphasis added).

Since the <u>Hasenkampf</u> action appeared to share common questions of fact with the actions previously transferred to the Eastern District of Virginia, the Panel issued an order conditionally transferring this action for inclusion in the Section 1407 proceedings pending there. Subsequently, the Panel issued orders to show cause why the <u>Van Fossen</u>,[1] <u>Brock</u>, <u>Kresheck</u> and <u>Harlan</u> actions should not also be transferred to the Eastern District of Virginia pursuant to Section 1407. <u>Hasenkampf</u> and <u>Harlan</u>, like nearly all other actions previously transferred to or filed in the Eastern District of Virginia, involve the death of passengers. Both the United States and TWA are defendants in these two actions. <u>Brock</u> and <u>Kresheck</u>, however, are brought because of crew members deaths, and only the United States is named as a defendant in each of these actions.

Plaintiffs in <u>Hasenkampf</u>, <u>Harlan</u>, <u>Brock</u> and <u>Kresheck</u> oppose transfer. Defendant TWA favors the transfer of <u>Harlan</u>

---

[1]/The <u>Van Fossen</u> action has since been settled and dismissed. Accordingly, the Panel's show cause order regarding this action will be vacated as moot.